WILLIAM F. CORWITH, Plaintiff, *v.* LAWRENCE BARRY and Others, Defendants; PATRICK F. CRADDOCK, a Defendant, Respondent; JAMES P. SLOANE, Purchaser, Appellant.

*Resale on mortgage foreclosure.*

A resale, under a judgment of foreclosure of a mortgage, *held,* to have been properly ordered on the application of a judgment creditor of the mortgagor, who, for the purpose of protecting his judgment, went to the place of the sale shortly before the hour fixed therefor, but departed before the sale took place, under a misapprehension that the sale had been adjourned.

APPEAL by James P. Sloane, purchaser, from an order of the County Court of Kings county, dated on the 21st day of January, 1893, and entered in the office of the clerk of that county, granting a motion of the defendant, Patrick F. Craddock, to set aside a foreclosure sale of mortgaged premises, and directing a resale.

The applicant for the resale submitted the following affidavit in support of his motion:

" PATRICK F. CRADDOCK, being duly sworn, deposes and says that he is one of the defendants in the above-entitled action; that he is a judgment creditor of the defendant, Lawrence Barry; that said judgment is for the sum of six hundred and seventy $\frac{50}{100}$ dollars; that said judgment was entered in the office of the Clerk of the County of Kings, on the 19th day of August, 1892. That this action is for the foreclosure of a mortgage on the premises known as No.   Clay street, in the city of Brooklyn, owned by the defendant, Lawrence Barry; that said mortgage is for the sum of three hundred dollars; that deponent was made a party to said action, and had notice of the proceedings and date of sale which was the

10th day of November, 1892. That on said 10th day of November, 1892, deponent proceeded to No. 9 Willoughby street, Brooklyn, N. Y., the place designated in the notice of sale, to bid on said property; that said sale was advertised for 12 o'clock noon of that day. That at about 11:35 A. M., while deponent was waiting within fifty feet of No. 9 Willoughby street, for the hour of sale to arrive, Mr. Louis Corwith, brother of plaintiff, met him and told him that the sale was postponed until a later day. Deponent, relying on said statement, returned to his home.

"Deponent further says that after he arrived home he was informed that the sale was held at the hour and time advertised in the notice, and that there was no one present at said sale other than the attorneys for plaintiff and one James P. Sloane, and that plaintiff's attorneys bid five hundred and fifty dollars for said property, and said James P. Sloane bid five hundred and seventy-five dollars and received the property.

"Deponent further says that he is familiar with the value of property in the neighborhood where this property is situate and knows the value of same, and that in his opinion said premises are worth about twelve hundred dollars. Deponent further says that he would be willing had he been present at said sale to give as much as twelve hundred dollars for said property.

"Deponent further says that the price obtained for said mortgaged premises will barely pay the amount of the mortgage, and the expenses and deponent's judgment will be lost, and that if a resale can be had the property will bring enough to satisfy both the mortgage and the judgment."

*Thomas F. Magner*, for the appellant.

*James F. Quigley*, for the respondent.

DYKMAN, J. :

This is an appeal from an order of the County Court of Kings county, directing a resale of the property described in the complaint.

The action is for the foreclosure of a mortgage, and the sale was under the judgment thereon.

There was a misapprehension respecting the adjournment of the sale on the part of the judgment creditor, who was present to pro-

tect his judgment. Either the misinformation respecting the adjournment of the sale was the result of design or misinformation, and in either case it would be inequitable to permit the sale to stand.

The order appealed from is just and should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.