| 84  297|
|155a 415|

FREDERICK A. ARCHER, JR., Respondent, *v.* LEWIS H. ARCHER and Others, Defendants; EMANUEL G. BACH, Appellant.

*Jurisdiction of the court over the assignee of the purchaser at a judicial sale — stream flowing over lands sold — not a valid objection to the title thereof — it is not an easement.*

Where a sale of real estate takes place under a judgment, the court has authority over the purchaser, and the person who substitutes himself in the place of the purchaser, by taking an assignment of his bid, is subject to the jurisdiction of the court to the same extent that the immediate purchaser was.

A purchaser of property is bound to take notice of the physical conditions thereof, and the fact that a stream of running water flows over land purchased is not a valid objection to the title.

Strictly speaking, a natural stream is not an easement, but an incident of the property over which it flows.

APPEAL by the purchaser, Emanuel G. Bach, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of October, 1894, overruling the appellant's objections to the title of certain premises sold, and directing the appellant · to complete his purchase.

*Edwin L. Kalish*, for the purchaser, appellant.

*Seward Baker*, for the respondent.

CULLEN, J. :

This is an appeal from an order of the Special Term directing the appellant, an assignee of the purchaser at the sale made under the judgment in this action, to complete his purchase.

The authority of the court over the immediate purchaser is unquestionable. (*Requa* v. *Rea*, 2 Paige, 339 ; *Cazet* v. *Hubbell*, 36 N. Y. 677.)

In *Proctor* v. *Farnham* (5 Paige, 614) it was held that an assignee, by substituting himself for the purchaser, made himself a party to the original suit, so far as to entitle him to a determination by the court of his rights as against those of his assignor. We cannot see why his rights and his obligations should not be equal. By substituting himself for the purchaser he has subjected himself to the jurisdiction of the court to the same extent as the purchaser.

The only objection to the title is the existence of a running stream over the land purchased, which, it is contended, creates an easement in favor of other owners along the stream. This objection is not valid. The purchaser is bound to take notice of the physical condition of the property. The case is much stronger than that of a highway, the existence of which was held to be no breach of the covenants of title. ( *Whitbeck* v. *Cook*, 15 Johns. 483.) Strictly speaking, the natural stream is not an easement, but an incident of the property itself, like the right to enjoy the soil. (Washb. on Easm. § 20.)

In *Scriver* v. *Smith* (100 N. Y. 479) Judge EARL writes of running streams : " Such rights have some semblance to easements, and no harm or inconvenience can probably come from classifying them as such for some purposes. But they are not in fact real easements.

Every easement is supposed to have its origin in grant or prescription which presupposes a grant, and it is quite absurd to suppose that the owner of land, at the head of a stream, has an easement by grant or prescription for its flow over all the land of the riparian owners for many miles to its mouth. Would any of the usual covenants in a deed be violated because a natural stream of water flowed through the land, and the upper owners, therefore, had an easement in such land? Clearly not." The opinion in *Huyck* v. *Andrews* (113 N. Y. 85) was written by the same learned judge, and nowise conflicts with the earlier case.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

