EUGENIA A. WRIGHT, Plaintiff, v. CHARLES CAPRARELLA, Respondent, Impleaded with CATHERINE CAPRARELLA and Others, Defendants.

JOHN PALMER, Appellant.

Second Department, May 11, 1923.

Mortgages — foreclosure — motion to set aside sale — owner of equity, through mistake of his attorney as to hour of sale, was not present — sale price was much less than value — owner of equity intended to and was prepared to bid in property — sale was properly set aside on condition that purchaser be reimbursed.

It was proper for the court to set aside a sale made in mortgage foreclosure proceedings on condition that the purchaser be reimbursed for his deposit and costs and expenses, where it appeared that the property was bid in by the purchaser at much less than its actual value; that the owner of the equity of redemption intended to and was prepared to bid for the property an amount nearly three times that for which it was sold; that through a mistake of the attorney for the owner in making a note of the hour of sale in his diary, the owner was not present at the sale; that immediately after the sale the owner offered to reimburse the purchaser and even to give him a cash profit for an assignment of his bid; and that the mortgagee does not object to having the sale set aside.

The purchaser's position is unconscionable, and owing to the inadequacy of the price at which he secured the property, due to the mistake of the owner's attorney, and the very serious consequences to the owner, the court had the necessary jurisdiction to come to the relief of the owner and properly set aside the sale under the power given it in section 986 of the Civil Practice Act.

APPEAL by John Palmer, purchaser, from an order of the County Court of the county of Nassau, entered in the office of the clerk of said county on the 28th day of October, 1922, setting aside a sale of certain real estate by a referee in a mortgage foreclosure action and directing a resale.

*Sanford A. Davison,* for the appellant.

*Sidney L. Masone,* for the respondent.

KELLY, P. J.:

I think the order should be affirmed. The purchaser, appellant, who is not a party to the action, seeks to retain the unconscionable advantage gained by him through the inadvertence and mistake of the attorney for the defendant owner of the equity in the mortgaged premises. The affidavits justified the county judge in finding as matter of fact that the sale of the mortgaged premises was advertised by the referee to take place at Hempstead at ten A. M. on September 23, 1922. When the notice of sale was served on August seventeenth, through the mistake of the attorney for the defendant owner or his clerk, the hour of the sale was entered on his diary as two o'clock in the afternoon. I am satisfied, as was the county judge, that it was the *bona fide* intention of the defendant owner of the equity to bid the property in at the foreclosure sale. The mortgage was for but $1,000; the property was worth $5,000. Indeed, the foreclosure action was a " friendly action."

The owner made arrangements to attend the sale with a friend, intending to bid the property in up to $5,000 and even more, and on the day of the sale they had in their possession $8,000 in cash. Before leaving his office on September twenty-third to attend the sale which he supposed was set for two o'clock, the attorney for the owner examined the notice and discovered his mistake. He immediately telephoned the plaintiff's attorneys in Hempstead, but was informed that the sale had taken place at ten-twenty, that there was but one bid and that the appellant Palmer had purchased the premises for $1,900. The defendant's attorney went down at once to Valley Stream where Palmer resided, and met him at two o'clock the same afternoon. He explained the situation to him, but Mr. Palmer said he had bought the property and intended to hold on to it. He admitted that he had a good thing and that it was worth $5,000. After considerable discussion in which the attorney offered to return the deposit made, viz., $190, and finally to give him $600 cash profit for an assignment of the bid, Palmer agreed to take the $600, but later backed out saying his wife would not consent. So defendant made application to the County Court to order a resale and the learned county judge

said he would not allow the client to suffer for the negligence of his attorney and granted the resale on condition, (1) that the referee return the $190 deposit to Palmer, with interest to be paid by respondent; (2) that the defendant owner pay Palmer $75 for his costs and expenses; (3) that he also pay plaintiff's attorneys the expenses of the sale to date and in addition $50 costs, $25 of which was to go to the attorneys and $25 to the referee.

The appellant purchaser says the county judge had no discretion in the matter and no power to relieve the defendant owner from the consequences of the negligence of his lawyer. I think the appellant's position is unconscionable and that, owing to the inadequacy of the price at which Palmer secured the property due to the mistake of the defendant's attorney and the very serious consequences to the owner, the court had the necessary jurisdiction to come to the relief of the defendant owner. The plaintiff mortgagee does not object.

The provisions of the Civil Practice Act concerning sales of real property are in article 62, section 986 (formerly Code Civ. Proc. § 1678). The court has general jurisdiction over a sale made under its decree and is bound to see that it is not made the instrument of injustice. While it is said that inadequacy of price alone will not authorize vacating a sale unless it is so apparent as to shock the conscience of the court (*Wesson* v. *Chapman,* 76 Hun, 592), still where it is accompanied by circumstances of mistake or surprise, the power and duty of the court to interfere is undoubted (*Corwith* v. *Barry,* 69 Hun, 113), and a purchaser at a judicial sale submits himself to the jurisdiction of the court as to all matters connected with that sale. (*Archer* v. *Archer,* 84 Hun, 297, CULLEN, J., citing *Requa* v. *Rea,* 2 Paige, 339, and *Cazet* v. *Hubbell,* 36 N. Y. 677; *Burton* v. *Linn,* 21 App. Div. 609.) I think the record presented a case for the exercise of the discretion of the learned county judge, and that he was right in ordering a resale, with proper allowance to the purchaser for his expenses.

The order of the County Court of Nassau county should be affirmed, with ten dollars costs and disbursements.

RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Order of the County Court of Nassau county affirmed, with ten dollars costs and disbursements.