EAST RIVER MORTGAGE COMPANY, Plaintiff, Respondent, *v.* SAMUEL FRANKEL and Others, Defendants.

DAVID FENSTERHEIM, Appellant.

Supreme Court, Appellate Term, First Department, December 1, 1927.

**Judicial sales — setting aside — plaintiff had full knowledge of proceeding and may not have sale set aside.**

Plaintiff is not entitled to have the sale of chattels herein set aside where it appears that a representative of its attorneys was present at the time and place fixed for the sale, obtained a postponement thereof to consult with said attorneys, and with full knowledge of all the facts involving the sale, delayed five days after it was made before questioning its propriety.

APPEAL by David Fensterheim from an order of the City Court of the City of New York, county of New York, in favor of plaintiff.

*Oscar Fensterheim,* for the appellant.

*Breitbart & Breitbart* [*Bernard Breitbart* of counsel], for the respondent.

PER CURIAM. While the court may in a proper case relieve a party from the consequences of his mistake or neglect in failing to attend a judicial sale by setting aside the sale and ordering a resale upon proper conditions (*Wright* v. *Caprarella,* 205 App. Div. 559), the facts before us do not come within the purview of the case cited. Here a representative of the plaintiff's attorneys was present at the time and place duly fixed for the sale of the chattels, obtained a postponement for the purpose of consulting with said

attorneys, and participated in the bidding, and the purchaser, the highest bidder, after making repairs to the property and paying necessary charges above his bid, sold the chattels in good faith at a moderate advance, the plaintiff herein, with knowledge of all the facts, waiting five days before questioning the propriety of the judicial sale. Clearly under the circumstances it was error to set aside such sale.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.