GLICKENROSE COMPANY, INC., Respondent, *v.* C & C ESTATES, INC., Appellant.

First Department, June 2, 1939.

*Oscar Roy Chalk*, for the appellant.

*Alfred L. Krasner* of counsel [*Joseph J. Kozinn* with him on the brief; *Horstmann & Kozinn*, attorneys], for the respondent.

CALLAHAN, J. This action to foreclose a mechanic's lien was brought by the brick mason contractor against the owner of a new building to be constructed at Two Hundred and Sixth street and Mosholu parkway, Bronx, New York city.

There were three principal issues involved upon the trial: The first related to the question as to whether a particular alteration in the written contract had been made at the time of the execution of the contract or thereafter; the second related to plaintiff's claim for alleged extra work performed, and the third to defendant's counterclaim for plaintiff's alleged defective performance of the work.

In connection with the first dispute, examination of the contract produced by plaintiff shows that a printed form was used, with certain provisions typewritten therein. Part of the typewritten matter which had been written in the first paragraph had been deleted. The first issue concerned the question as to whether the deletion took place before the contract was signed, or whether plaintiff altered its copy of the instrument after execution of the paper. If the deleted matter was in the contract at the time of its execution, concededly plaintiff would be required to pay for the face brick used on the building, for the deleted matter provided for an allowance against the contract price for face brick furnished by defendant. On the other hand, if this provision was deleted before execution of the contract, the first paragraph, though ambiguous in form, may be construed to place the burden of paying for face brick on the defendant.

Plaintiff's version of what occurred prior to and at the time of the execution of the contract was that after it had made a bid of $16,500 for the brick work, including the furnishing of face brick, this figure was reduced by agreement to $15,750, and the written contract was drawn by the plaintiff with such figure as the total contract price. There was some delay in the execution of the contract and plaintiff's witness says that, in the meantime, an advance in the cost of labor was threatened and he told the

defendant that plaintiff could not go ahead with the job for the price quoted, and that, therefore, the defendant agreed to relieve plaintiff of the necessity of paying for face brick and to assume that obligation itself, so that plaintiff would be enabled to meet the increased cost of labor.

Defendant denies that any such discussion took place, or that any such concession was made. Its witnesses said that the price contracted for ($15,750) included the requirement on the part of the plaintiff to pay for the face brick, which brick was to be selected and paid for by the defendant at a cost not to exceed $37 per thousand.

Defendant was unable to produce its copy of the contract, claiming that the paper disappeared after a conference between the parties at which the contract was exhibited.

Although the trial court credited plaintiff's version of this dispute, we think that the weight of the evidence supports defendant's contention. There is a particularly convincing circumstance in connection with one of the payments, bearing out defendant's story. It appears that six payments were to be made, all of which were round figures. The fourth payment, in the sum of $5,000, was to be made when the parapet wall was erected. Twenty-five hundred dollars was paid on account of this figure, and the parties admit that a conference was had concerning the remaining $2,500. The parties concede that as the result of this conference a check for $798 was given to plaintiff by defendant. Plaintiff says that the reason for the payment of this odd figure was that defendant's officer said it had no more money in the bank, and that in fact defendant's officer offered $2 in cash to make up the round figure of $800, but plaintiff declined the $2. Defendant's version, on the other hand, was that this payment, which was made shortly after all brick work was erected and after defendant insisted upon its allowance for the brick work, was arrived at by deducting the cost of the face brick from the $2,500 due.

The parties concede that 46,000 face brick were used on the job. Forty-six thousand face brick at $37 per thousand, the maximum allowance, amounted to $1,702. Defendant says that after some discussion the plaintiff agreed to the deduction of the $1,702 from the sum of $2,500 due, and that the figure of $798 was thus arrived at. Defendant was supported in this regard by the salesman for the brick company which furnished the face brick. Concededly this witness was present at the meeting when the matter was discussed. Defendant says that the meeting was called for the express purpose of agreeing on the amount to be allowed defendant for face brick. Plaintiff's explanation of

the meeting was that there was a dispute between defendant and the brick company concerning the quantity of face brick used, and plaintiff's officer was present only to certify to the quantities of brick used.

After the fourth payment, two other payments were made, one of $500 in cash and the other by a note for $1,000 which was subsequently paid. It is difficult to understand why round figures were again resorted to at the times of the subsequent payments if an odd amount had become due by reason of the payment of $798 on account, as claimed by plaintiff.

The defendant's version seems far more probable than the plaintiff's story in regard to the obligation of the plaintiff to pay for face brick. It is strongly supported by the circumstances. The judgment should be reduced by crediting $1,702 to defendant for the face brick.

On the second issue concerning extra work, the appellant's failure to except to the trial court's ruling precludes us from reviewing the alleged error. At the time of this trial (1938) such an exception was required. While plaintiff should have pleaded a waiver of the contract provision requiring a written order for extra work, it is quite apparent from the nature of the work involved that such a waiver might properly be inferred, and, if a proper exception had been taken, plaintiff might have amended its complaint to set forth such waiver.

Although the third issue involved in the counterclaim presented sharply controverted questions of fact, we find no error concerning its decision.

The determination appealed from should be modified by reducing the judgment of the City Court of the City of New York, Bronx County, to $1,128.78, with interest, and as so modified affirmed, with costs and disbursements to the appellant.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Determination unanimously modified by reducing the judgment of the City Court of the City of New York, Bronx County, to $1,128.78, with interest, and as so modified affirmed, with costs and disbursements to the appellant.