L. Barron Hill, J.
In this action to foreclose a mortgage, the plaintiff moves to compel the purchaser to complete his purchase and the purchaser cross moves to be relieved of his bid and for repayment of the down payment.
The property in question consists of two parcels, one lying beneath the waters of Great South Bay and the other being adjoining upland. Since 1938 the muniments of title have *275 described both parcels as being in the town of Islip, Suffolk County, New York. It is now conceded that the land under the water does not lie in the town of Islip but instead, is in the town of Brookhaven, Suffolk County, New York. At the present time, a structure exists on both parcels.
The purchaser complains that there has been no posting of the notice of sale in the town of Brookhaven as is required by statute (Civ. Prac. Act, §§ 986, 712). (The board shows that notice of sale was duly published in a paper published in Suffolk County and also duly posted in the town of Islip.)
The failure to post in the town of Brookhaven is an irregularity and not a jurisdictional defect and cannot be raised after a period of one year from the date of sale (Civ. Prac. Act, § 109-a).
The sale took place on October 17,1957, so that this court can, in its discretion, set aside the sale for this irregularity if it deems the irregularity has been prejudical to the rights of any party; after October 17, 1958, even this discretion cannot be exercised (Civ. Prac. Act, § 109-a).
In my opinion, the purchaser has failed to show that he has been prejudiced by this irregularity. The most he claims is that if the notices had been posted in Brookhaven (three of them, each in a public place) others would have been at the sale and the bid would have been increased. It is pure speculation that anyone having more than $65,000 (the amount of the purchaser’s bid) would have come to the sale and planked down his money solely because he saw one of the three public notices. The property in question is a hotel. It is entirely unlikely that anyone interested in that type of property and with that amount of money would be attracted to the sale by reading a notice which merely describes the property by metes and bounds.
Nevertheless, I believe the sale must be set aside for reasons not urged by the purchaser and for reasons which surely are no fault of the plaintiff or his attorney.
The judgment, notice of sale and all other proceedings herein describe both parcels as being in the town of Islip, whereas it is now shown, as a fact, that one parcel is in the town of Brook-haven. As previously indicated, the title records have apparently been in this state of confusion since 1938. Since 1951, at least, in this county the title indexes are kept according to towns. Presumably, the Eeferee must deliver a deed containing a description in conformity with the judgment and notice of sale. If such deed describes both parcels as being in the town of Islip, it is patently incorrect.
*276 Thus, it can be seen that clearly a clond will exist on the title to this property so long as this misdescription continues on the record.
As has been stated in Jordon v. Poillon (77 N. Y. 518, 521): ‘1 A purchaser on a partition or foreclosure sale has a right to expect that he will acquire a good title, and the law presumes that he bids with that object in view. He should not be left, upon receiving a deed, to the uncertainty of a doubtful title or the hazard of a contest with other parties, which may seriously affect the value of the property, if he desires to sell the same.” (See, also, Riggs v. Pursell, 66 N. Y. 193; Fleming v. Burnham, 100 N. Y. 1.)
The situation is unfortunate and, as stated, clearly is not the fault of plaintiff or his attorney. Justice requires, however, that the sale be set aside, the down payment refunded, the judgment amended and the sale readvertised.
The motion is denied and the cross motion granted. Settle one order.