Mamo Pittoni, J.
In this action the plaintiff moves for an injunction to restrain the Sheriff of Nassau County from delivering a bill of sale to the purchaser, Samuel Bein, and to set aside the sale. The motion to restrain the Sheriff is denied as academic since a bill of sale was delivered to the purchaser prior to service of the papers herein. The motion, however, is granted to the extent that the defendant, Samuel Bein, is enjoined from transferring or disposing the property covered by the bill of sale, pending the outcome of his action, on condition that the plaintiff post a bond in the sum of $700, the amount of defendant’s bid.
It appears that the plaintiff and other judgment creditors were tentatively negotiating a plan to salvage the judgment debtor and to secure payment of their judgments. An adjournment of the sale was requested, but was refused when opposed by some of the creditors. When the bidding reached $1,060, the plaintiff’s attorney was allegedly approached by persons claiming to be associated with defendant Bein, the only other bidder. These persons prevailed on the plaintiff’s attorney to obtain a recess of the bidding. During the adjournment these persons allegedly represented that Samuel Bein was buying in for “ Johnny ”, the judgment debtor, for the purpose of salvaging his business; and requested that he be permitted to buy in as cheaply as possible. An oral agreement was thereupon allegedly made providing for the reopening of the bidding on the following conditions: (1) That defendant Bein would bid up to $700, the amount of the judgments having priority over plaintiff, (2) payment to plaintiff of his judgment, (3) assignment of the bid to the judgment debtor, and (4) assignment of a one-half interest in the bid to the plaintiff as security. On reopening of the bidding, the defendant bought in for $700.
The complaint alleges that the representations made to plaintiff’s attorney were false and fraudulent; that the defendant did not represent the judgment debtor and that he failed to carry out the arrangement made in his behalf.
A purchaser at a judicial sale submits himself to the jurisdiction of the court which exercises supervision of the sales and is empowered to grant relief against mistakes, accidents, hardship, oppression or unfair conduct (cf. Fisher v. Hersey, 78 N. Y. 387; Wright v. Caprarella, 205 App. Div. 559 [2d Dept.] ; Dime Sav. Bank v. Thomas, 24 Misc 2d 850 [Referee’s sales]).
Although the purchaser here denies the plaintiff’s version of the facts, he refrains from denying that an agreement was made. Moreover, he offers no explanation of what transpired. He does not deny that the bidding was adjourned, and then *492 reopened at a time when the plaintiff was the highest bidder. This circumstance alone suggests some arrangement.
The plaintiff alleges he was prepared to bid the amount of his judgment. If, as the complaint states, the plaintiff refrained from bidding at the behest of the defendant or his agents, and upon their alleged misrepresentations, the plaintiff was wronged; he has a cause of action for redress, which is sufficiently set forth.