William R. Brennan, Jr., J.
This is an action to foreclose a mortgage held by plaintiff on the home of defendants Thomas. A judgment of foreclosure and sale was granted on May 5, 1960, and the Referee to sell designated therein set the sale down for June 27,1960, a Monday, at 10 o ’clock in the forenoon. On the afternoon of the preceding Friday, June 24, the owners settled their obligation to the plaintiff by curing their defaults and complying with other terms imposed for reinstatement of the mortgage, which is a valuable mortgage to the owners since it is a 4% so-called G. I. mortgage. The negotiations and settlement were concluded in the late afternoon and between 4:00 and 4:30 p.m. counsel for the plaintiff telephoned the office of the Referee to arrange for cancellation or adjournment of the sale. In the Referee’s absence, a message to that effect was left with his secretary. As luck would have it, the Referee did not again communicate with his office between the time on Friday when the message was left and the time on Monday when he was in touch with his office following the sale which he conducted in ignorance of the change of circumstances and the message that no sale was to take place at the appointed time.
Neither the plaintiff nor the defendant owners were represented at the sale and the Referee proceeded with it, although by virtue of the absence of representation for the plaintiff, the terms of sale usually prepared by foreclosing counsel were not available. It is not disputed that no terms of sale were prepared by the Referee and no memorandum of sale was made by him. It may be noted parenthetically that the Referee herein has no objection to the granting of the relief now sought by the plaintiff and defendant owners.
At the sale, three persons made bids and there came a time, immediately following a recess in the proceedings during which it is claimed the three bidders conferred, when the final bid of $12,600 was made, for which the property was knocked down to one Allen Murray. The property has a value of $16,000 according to the plaintiff, and the owners’ equity is about $4,000. In view of the disposition made of this application to set aside the sale, and vacate the judgment of foreclosure and sale, it is unnecessary to discuss or determine the question of possible collusive bidding.
It is not new learning that a court of equity exercises supervision of sales made under its decrees and in so doing is not controlled by legal rules, but may be guided by considerations resting in equity. Consequently it is empowered, if not indeed required, to grant relief against mistakes, accidents, hardships, or oppressive or unfair conduct of others, although such conduct *852 may not be a violation of law (Fisher v. Hersey, 78 N. Y. 387, 388; cf. Emigrant Ind. Sav. Bank v. Van Bokkelen, 269 N. Y. 110, 115).
Although the purchaser urges his own good faith and insists upon a consummation of the sale, he offers no evidence that in anywise challenges the facts that the plaintiff and defendant owners settled all of their differences three days before the sale; that the office of the Referee was promptly notified to that effect; that it was mere happenstance that the Referee did not receive the message before the sale; that neither plaintiff nor the defendant owners were represented at the sale; surely a most unusual circumstance with reference to a foreclosing plaintiff; that no terms of sale were available at the sale; and that the conclusions necessarily to be drawn are that the sale proceeded by mistake and to the surprise of both plaintiff and defendant owners. That the consequence of affirming the sale would be a gross injustice cannot be disputed; nor are there such countervailing equities in favor of the purchaser as to compel this court to become a party to inequity. The motion has been promptly made, the operative facts are undisputed or uncontestable, and the prejudice to the moving defendants in loss of equity and the benefits of a 4% GL I. mortgage loan are clear. The “ foul-up ” which permitted the sale to proceed was not caused by the plaintiff or defendant owners and was not the fault of the Referee. "While it is also true that the purchaser was not responsible for the situation, this alone does not confer upon him equities or rights that do not otherwise exist. He has sustained inconvenience, but no loss, since his deposit has been offered to him and is still available to him. The Appellate Division in this Department has stated: “ The court has general jurisdiction over a sale made under its decree and is bound to see that it is not made the instrument of injustice. While it is said that inadequacy of price alone will not authorize vacating a sale unless it is so apparent as to shock the conscience of the court (Wesson v. Chapman, 76 Hun 592), still where it is accompanied by circumstances of mistake or surprise, the power and duty of the court to interfere is undoubted (Corwith v. Barry, 69 Hun, 113), and a purchaser at a judicial sale submits himself to the jurisdiction of the court as to all matters connected with that sale. (Archer v. Archer, 84 Hun, 297, Cunum, J., citing Requa v. Rea, 2 Paige, 339, and Cazet v. Hubbell, 36 N. Y. 677; Burton v. Linn, 21 App. Div. 609.) ” (Wright v. Caprarella, 205 App. Div. 559, 561.)
The motion is granted in all respeets.