■ LAWRENCE C. MAUER, Doing Business as MONTICELLO VETERINARY CLINIC, Respondent, v SHIRLEY BUTLER, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered June 29, 1976 in Sullivan County, which denied defendant's motion to vacate a Sheriff's sale of real property. Defendant purchased certain real property in the Town of Thompson, New York, in 1971 for $19,500. She claims to have invested an additional $30,000 in the property since that time. A default judgment was entered against defendant and based on this judgment a Sheriff's sale of defendant's property was held in January, 1976. At the sale the holder of the first mortgage on the property was the successful bidder. Defendant has moved to vacate the sale alleging that she and the purchaser had previously agreed that the purchaser would attend the sale, bid an amount sufficient to cover the outstanding judgments, and add the same to the first mortgage, to be repaid at $300 per month with interest. Defendant further alleges that after the purchaser bid the property in for $8,100 he then advised her that he owned the property and would sell it back to her for $25,000. In addition to this motion to vacate the sale, defendant also has begun a separate action seeking specific performance by the purchaser of the alleged agreement previously mentioned. Defendant's motion to vacate the sale was denied at Special Term and this appeal ensued. In moving to vacate the sale defendant contends that the purchase price was inadequate. Defendant, however, failed to allege the fair market value of the property at the time of the sale. Absent such an allegation and based on the record as a whole we are of the view that the determination by Special Term that the purchase price was not so low as to shock the conscience of the court did not constitute an abuse of discretion. Inadequacy alone when not so apparent as to shock the conscience of the court will not justify vacating a sale. It must be accompanied by other circumstances such as suprise or mistake *(Wright v Caprarella,* 205 App Div 559). Assuming the alleged agreement between defendant and the purchaser as fact, any mistake pertained not to the sale, but to what occurred thereafter. The record reveals that the purchaser did bid in the property but defendant alleges that subsequently the purchaser told her she would have to pay $25,000 to regain it. Consequently, in our view, even if there was inadequacy of price, there was no circumstance of mistake or surprise surrounding the sale, which would justify vacating the sale. Defendant's remedy, if she has one, lies in her action for specific performance of the alleged agreement which she is now pursuing against the purchaser. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.