■ TRUSTCO BANK NEW YORK, Respondent, v SARAH COLLINS, Appellant. [623 NYS2d 642] —Casey, J. Appeal from an order of the Supreme Court (White, J.), entered July 30, 1993 in Schenectady County, which, *inter alia,* denied defendant's motion to vacate a judgment of foreclosure.

A court has broad discretion to set aside a foreclosure sale and order a resale *(see, National Bank v Van Keuren,* 184 AD2d 92, 95), but mere inadequacy of price does not establish sufficient grounds to vacate a sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 521). In the absence of fraud, collusion or other irregularity, the foreclosure sale will not be set aside unless the inadequacy of the sale price is so great that it shocks the conscience of the court *(see, Manufacturers & Traders Trust Co. v Niagara Sq. Assocs.,* 199 AD2d 975, 976, *lv denied* 83 NY2d 845). We are of the view that the claimed inadequacy in this case does not rise to that level *(see, Crossland Mtge. Corp. v Frankel,* 192 AD2d 571, *lv denied* 82 NY2d 655; *Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540, *lv denied* 68 NY2d 607). Defendant's claim that the location where the sale was conducted varied from the terms

of the judgment of foreclosure was not raised at Supreme Court and will not be considered for the first time on appeal (see, First Natl. Bank v G. F. Clear, Inc., 93 AD2d 925). We also note the lack of any evidence of prejudice as a result of the claimed discrepancy (see, Marine Midland Bank v Landsdowne Mgt. Assocs., 193 AD2d 1091, lv denied 82 NY2d 656). Supreme Court's order must therefore be affirmed.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.