OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff obtained a judgment of foreclosure and sale on September 10, 1996. Defendant Cellini, the mortgagor, had defaulted in the action and his attorney did not file a notice of appearance.
The real property foreclosed consists of residential rental units purchased by Mr. Cellini as an investment. The property is located in the City of Yonkers. The judgment required that the sale take place at the Westchester County Courthouse, 111 Grove Street, White Plains, New York, and publication be in the Reporter Dispatch, a newspaper published and distributed throughout the County of Westchester.
Due publication was made and notices of sale were posted at the bulletin boards of the Westchester County Clerk’s office (part of the Courthouse), the County Office Building and in the Courthouse, all in White Plains, as well as the bulletin boards at the post office, public library and City Hall, all in Yonkers.
A sale was conducted in the lobby of the Courthouse in White Plains. Plaintiff and a disinterested third party bid on the property, which plaintiff ultimately won with a $100,000 bid.
Defendant Cellini moves to vacate the judgment of sale on the grounds that the notice of sale was not published in a newspaper published in the City of Yonkers as required by *406 RPAPL 231 (2) (a)* and that the notice failed to specify the location in the Courthouse where the sale occurred. Defendant Cellini also argues that since he was making monthly payments to plaintiff during his three petitions in bankruptcy, he should have received personal notice of the sale and that the plaintiff was estopped from going forward with the foreclosure by reason of the payments.
Generally, a "court may exercise its equitable powers to set aside a judicial sale only where fraud, collusion, mistake, or exploitive overreaching casts suspicion on the fairness of the sale”. (Crossland Mtge. Corp. u Frankel, 192 AD2d 571, 572 [2d Dept 1993], lv denied 82 NY2d 655 [1993].)
Insofar as is relevant, RPAPL 231 (2) (a) states: "Notice of such sale shall be given by the officer making it by publishing a notice of the time and place of the sale * ** in a newspaper published in the county in which the property is located * * * unless the property is situated * * * in a city * * * in which a daily * * * newspaper is published”. Older cases construing the predecessor version of the statute as contained in the Civil Practice Act strictly interpreted the legislation and held deviations therefrom jurisdictional, (de Winter and Loeb, 1995 & 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 491/2, 1997 Pocket Part, at 6.) However, since enactment of CPLR 2003 (eff Sept. 1, 1963, L 1962, ch 308) the statutory requirements with respect to judicial sales have not been considered jurisdictional. CPLR 2003 provides: "At any time within one year after a sale made pursuant to a judgment or order, but not thereafter, the court, upon such terms as may be just, may set the sale aside for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect. This section does not apply to judicial sales made pursuant to article 9 of the uniform commercial code.”
*407 CPLR 2003 has been held applicable to judicial sales in mortgage foreclosure proceedings. (Gegerson v Northern Operating Corp., 41 AD2d 837 [2d Dept 1973].) Thus, it has been held to be a mere irregularity and not a jurisdictional defect that no publication occurred. (Marine Midland Bank v Landsdowne Mgt. Assocs., 193 AD2d 1091 [4th Dept 1993], lv denied 82 NY2d 656 [1993]; see, Criterion Capital Corp. v Valven Holding Corp., 23 AD2d 878 [2d Dept 1965], lv dismissed 16 NY2d 482 [1965]; also see, Schnall v Sayville Manor & Beach Club, 12 Misc 2d 274 [Sup Ct, Suffolk County 1958] [failure to post in town where property located not ground to vacate sale].)
While it has been said that size and circulation of a proper newspaper, within the meaning of RPAPL 231 (2) (a), is not relevant (Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp., 72 AD2d 737 [2d Dept 1979]), "[t]he purpose of publishing and posting the notice of sale is to notify potential bidders so that fair value may be realized on the property sold.” (2 Bergman, New York Mortgage Foreclosures § 30.03 [1] [a], at 30-11; see, Wayman v Zmyewski, 218 AD2d 843 [3d Dept 1995]; Southold Sav. Bank v Gilligan, 76 Misc 2d 30 [Sup Ct, Suffolk County 1973].) It is only when the latter purpose is frustrated that the sale may be set aside by reason of improper publication or other irregularity. (Wayman v Zmyewski, supra [sale to be held on steps of courthouse, held in lobby, and bidder was plaintiff and proof submitted that another bidder went to the advertised place but could not find the Referee and others interested in the sale; sale vacated]; Trustco Bank N. Y. v Collins, 213 AD2d 819 [3d Dept 1995] [issue of sale location deviation raised on appeal for first time in case, no prejudice found; sale not vacated]; Long Is. Sav. Bank v Valiquette, 183 AD2d 877 [2d Dept 1992] [sale to be held on steps of courthouse, held inside due to inclement weather, other bidders present, no prejudice; sale not vacated]; Weil v Laube, 134 Misc 454 [Sup Ct, Westchester County 1929], affd 227 App Div 757 [2d Dept 1929] [sale to be held at main entrance of courthouse, held in rotunda, proof submitted that other bidders could not find out where sale was; sale vacated].) There does not appear to be any reported decision in this State directly in point involving publication in the wrong newspaper and a motion to vacate after the sale.
"No rule or measure has ever been devised by which we may determine in every case, with definite certainty, whether a defect is jurisdictional or is a mere irregularity”. (Valz v Sheepshead Bay Bungalow Corp., 249 NY 122, 134 [1928].) In Valz, *408 the statute directed publication of the supplemental summons and complaint on nonresident defendants in two newspapers. The Court ordered the publication in two specific newspapers. By inadvertence, the plaintiff published in a newspaper not specified in the order. The mortgage foreclosure went to sale on default. Thereafter, the Court issued a nunc pro tunc order permitting publication in the newspapers used by the plaintiff. Subsequently, the nonresidents moved to vacate the sale for improper publication. The Court of Appeals held that the expectations of the statute were met and the original defect in the publication in the wrong newspaper was a mere irregularity and not a jurisdictional defect.
It is important to note that lack of jurisdiction is an issue that ordinarily may be raised without regard to time limits absent a waiver. (Matter of Fry v Village of Tarrytown, 89 NY2d 714 [1997]; CPLR 5015 [a] [4]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5015:3, at 465.) CPLR 2003 imposes a one-year time limit on raising issues with respect "to the notice, time or manner of such sale”. The imposition of a time limit is strong evidence that a defect concerning publication is an irregularity and not jurisdictional.
At bar, there has been no proof offered that the publication in the Reporter Dispatch, rather than its affiliate published in Yonkers, the Herald Statesman, prejudiced the parties or prevented bidders from attending the sale. The court holds that such failure to publish in strict accordance with RPAPL 231 (2) (a) is a mere irregularity and is not a ground of itself to vacate the sale. The court is aware of the unreported decision of Justice Colabella in State St. Bank & Tr. Co. v Armento (Sup Ct, Westchester County, Mar. 31, 1997, index No. 14798/95) which directed that a republication occur prior to the sale in the Herald Statesman. The case is distinguishable on that basis but it is noteworthy that the court did not hold that the failure to publish in a proper newspaper originally was jurisdictional.
In Cowlitz County v Jurmu (177 Wash 492, 32 P2d 528 [1934]) the statute required that publication of a tax lien foreclosure be in the official newspaper. The County Treasurer erroneously published notice in a legal newspaper of general circulation in the County. The court held that since the statute did not say that a defect in procedure renders the proceeding void, it is a mere irregularity and not jurisdictional. "Though not a strict compliance with the statute, the publication was sufficient because it was a substantial compliance with the statute, and no prejudice is shown.” (177 Wash, at 497, 32 P2d, at 530; see, 2 Merrill, Notice §§ 660, 661.) So it is here.
*409 As to the location of the sale, it is the custom and practice, of longstanding in Westchester County, that judicial sales are held only in the lobby or rotunda of the Courthouse and nowhere else on the premises. The court takes judicial notice of the layout of the lobby area, surrounded by glass on three sides, and easily visible to anyone from virtually any part of the lobby area and the outside. (Prince, Richardson on Evidence § 2-204 [Farrell 11th ed].) A disinterested person did bid actively and there is no proof that fair value was not paid for the property. No prejudice is demonstrated and, therefore, the sale is not vacated because a specific location in the Courthouse was not set forth in the judgment or notice of sale. (CPLR 2003; Hornby v Cramer, 12 How Prac 490 [1855]; Annotation, Public Sale-Place, 120 ALR 660 [1939]; see, Trustco Bank N. Y. v Collins, 213 AD2d 819, supra; Long Is. Sav. Bank v Valiquette, 183 AD2d 877, supra.)
There is no merit to defendant Cellini’s argument that he was entitled to notice of the sale. A defendant in default who has not appeared in the action is not entitled to receive notice of the sale. (Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 403 [2d Dept 1983]; see, Shaw v Russell, 60 NY2d 922 [1983]; 3A Warren’s Weed, New York Real Property, Mortgage Foreclosure, § 26.06 [4th ed]; 2 Bergman, New York Mortgage Foreclosures § 30.03 [1] [b].) Similarly, there is no merit to the argument that the loan was implicitly reinstated on postpetition bankruptcy payments as Mr. Cellini did not tender all sums due, i.e., the accelerated amount, late charges, tax payments, interest, costs and disbursements. (Home Sav. v Isaacson, — AD2d —, 1997 NY Slip Op 06068 [2d Dept, June 23, 1997]; National Sav. Bank v Hartmann, 179 AD2d 76 [3d Dept 1992]; 78 NY Jur 2d, Mortgages, § 333.) Consequently, there was no estoppel formed to bar continuation of the foreclosure proceeding.
While the motion to vacate the sale is therefore denied, the matter must go back to the Referee for a recalculation since Mr. Cellini paid $13,000 postpetition but apparently has not received credit for that sum.

 RPAPL 231 (2) (a) requires publication in a newspaper in a city where the newspaper is published where the property is located in a city. For purposes of this motion, the court assumes that the Herald Statesman is a newspaper published in the City of Yonkers though no proof of that fact has been presented. (See, Village of Tonawanda v Price, 171 NY 415 [1902] [newspaper is published in a particular area where it is issued and first distributed for circulation]; Glickenrose Co. v C & C Estates, 257 App Div 224 [1st Dept 1939] [semble]; 81 NY Jur 2d, Newspapers, § 7; Annotation, Newspaper Public Notice, 85 ALR4th 581.) A review of the equivalent of the masthead for the Herald Statesman does not clarify the issue. (See, e.g., Herald Statesman, June 24, 1997, at 4, bottom of page.)