Wilmington Sav. Fund Socy. FSB v Oppitz (2023 NY Slip Op 03963)

Wilmington Sav. Fund Socy. FSB v Oppitz

2023 NY Slip Op 03963

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

535614
[*1]Wilmington Savings Fund Society FSB, Doing Business as Christiana Trust, Respondent,
v
Randall Mack Oppitz, Also Known as Randall Oppitz, Appellant, et al., Defendants.

Calendar Date:June 5, 2023

Before:Garry, P.J., Clark, Aarons and Ceresia, JJ.

Sandra Poland Demars, Albany, for appellant.
McGlinchey Stafford PLLC, New York City (Aleksandr Altshuler of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Robert J. Muller, J.), entered April 14, 2022 in Warren County, which denied defendant Randall Mack Oppitz's motion to set aside a foreclosure sale.
The facts are set forth in a prior appeal (198 AD3d 1198 [3d Dept 2021]). Briefly, defendant Randall Mack Oppitz (hereinafter defendant) executed a note secured by a mortgage on real property located in Warren County. During the foreclosure proceedings, the note and mortgage were assigned to plaintiff and a judgment of foreclosure and sale was eventually entered. A sale was held in 2019, and the property was sold to plaintiff, as the sole bidder, for $100. Defendant moved to vacate the 2019 foreclosure sale on the basis that the sale price shocked the conscience. Supreme Court denied the motion. Defendant appeals.
"[M]ere inadequacy of price does not establish sufficient grounds to vacate a sale" (Trustco Bank N.Y. v Collins, 213 AD2d 819, 819 [3d Dept 1995]; see Mauer v Butler, 55 AD2d 784, 784 [3d Dept 1976]). Indeed, "[i]n the absence of fraud, collusion or other irregularity, the foreclosure sale will not be set aside unless the inadequacy of the sale price is so great that it shocks the conscience of the court" (Trustco Bank N.Y. v Collins, 213 AD2d at 819; see Guardian Loan Co. v Early, 47 NY2d 515, 521 [1979]). That said, defendant does not allege any fraud, collusion or other irregularity and instead attacks the adequacy of the sale price.
At first blush, it would seem that the $100 sale price was grossly inadequate (see Pisano v Tupper, 188 AD2d 991, 992-993 [3d Dept 1992]). However, "where the successful bid for a sum less than the amount due is made by a mortgagee who seeks no deficiency judgment, the law deems the bid to be the equivalent of the mortgage balance plus the sale expenses" (Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 407 [2d Dept 1983]). The record reflects that plaintiff was owed over $300,000 based upon the outstanding mortgage balance, interest and various fees and costs. In view of this, and taking into account that plaintiff has not sought a deficiency judgment, Supreme Court correctly denied defendant's motion (see Emigrant Bank v Nicolaou, 198 AD3d 725, 725-276 [2d Dept 2021]; NYCTL 1998-2 Trust v McGill, 138 AD3d 1077, 1078 [2d Dept 2016]; Brown Bark I, L.P. v Grant, 71 AD3d 1403, 1404 [4th Dept 2010]; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2dat 410). Defendant's remaining contention was improperly raised for the first time in reply to plaintiff's opposition (see State of New York v Konikov, 182 AD3d 750, 752 [3d Dept 2020], lv denied 36 NY3d 906 [2021]).
Garry, P.J., Clark and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.