■ MARINE MIDLAND BANK, N. A., Appellant, v CHARMANT TRAVEL LODGE, INC., et al., Defendants, and GERALD J. CIMO-RELLI, Respondent. — In an action, *inter alia,* to foreclose a mortgage, plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (Isseks, J.), dated April 4, 1984, as denied its cross motion to dismiss defendant Gerald J. Cimorelli's answer and counterclaim, and to proceed against him for a deficiency judgment.

Order affirmed insofar as appealed from, with costs.

Plaintiff's application to proceed against Gerald J. Cimorelli (hereinafter defendant) for a deficiency judgment was properly denied since it was not disputed that the application was not made within 90 days after consummation of the sale as is required by RPAPL 1371. Special Term also correctly determined that the remainder of plaintiff's cross motion sought to dismiss defendant's severed answer and counterclaim for failure

to state a cause of action. As such, the cross motion was properly denied where the pleading was, on its face, adequate to withstand such a cross motion. On appeal, our inquiry is limited to whether the pleadings state any cause of action, and not to whether there is any evidentiary support for defendant's counterclaim. Also, the pleadings must be construed in the light most favorable to defendant, and all of his factual allegations must be accepted as true (*see, e.g., Holly v Pennysaver Corp.,* 98 AD2d 570, 572; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275). The arguments raised by plaintiff on its cross motion to dismiss would be more appropriately reserved for a motion for summary judgment. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.