■ MARINE MIDLAND BANK, N. A., Respondent, v LANDS-DOWNE MANAGEMENT ASSOCIATES, INC., et al., Appellants. [598 NYS2d 630] —Appeal from judgment by defendant Landsdowne Management Associates, Inc., unanimously dismissed without costs and otherwise judgment modified on the law and as modified affirmed in accordance with the following Memorandum: In April 1991, plaintiff began this foreclosure action against defendants Landsdowne Management Associates, Inc. (Landsdowne) and Oliver Schools, Inc. (Oliver Schools). Neither of those defendants answered or appeared, and a judgment of foreclosure in the amount of $400,576.12 was entered on January 12, 1992, ordering a sale of the mortgaged property and appointing a Referee to conduct it. On January 17, 1992, without publishing notice of the sale as required by RPAPL 231 (2), the Referee conducted a foreclosure sale. Plaintiff, the only bidder, purchased the property for $115,000 and received a Referee's deed. Sometime in April 1992, the Referee, upon learning that no published notice had been given, determined that the January 17, 1992 sale was a nullity and scheduled another sale. After proper notice was published, a sale was conducted on May 13, 1992. Again, plaintiff was the only bidder; it purchased the property for $115,000 and received a Referee's deed. The Referee reported a deficiency of $319,982.45.

On July 15, 1992, Oliver Schools moved for an order declaring the mortgage debt satisfied on the ground that more than 90 days had passed since the foreclosure sale without any motion for a deficiency judgment *(see,* RPAPL 1371 [3]). Plaintiff opposed the motion, asserting that the sale had been on May 13, 1992, and moved by order to show cause for a deficiency judgment *(see,* RPAPL 1371 [3]). Supreme Court, holding that the January 17, 1992 sale was a nullity because it was jurisdictionally defective, denied Oliver Schools' motion and granted plaintiff a deficiency judgment in the amount of $316,933.39. Landsdowne and Oliver Schools appeal.

Initially, Landsdowne's appeal must be dismissed. Landsdowne did not answer or appear. The deficiency judgment against it is a default judgment, from which no appeal lies (*see,* CPLR 5511; *Parker v Soper,* 159 AD2d 973; *Matter of Ozolins* [appeal No. 2], 65 AD2d 958).

We conclude that Supreme Court erred in determining that the January 17, 1992 sale was a nullity. The failure to give proper notice as required by RPAPL 231 (2) is a mere irregularity, not a jurisdictional defect, and the January 17, 1992 sale could be vacated only upon a showing that the lack of notice prejudiced the right of a party to participate in the sale (*see, Bolla v Blaugrund,* 14 AD2d 417, 419; *see also,* CPLR 2003; RPAPL 231 [6]). The record establishes that Oliver Schools' attorney had notice of the January 17, 1992 sale, and plaintiff has made no showing of prejudice. Because the foreclosure sale was valid and complete on January 17, 1992, plaintiff's motion for a deficiency judgment was untimely (*see, Sanders v Palmer,* 113 AD2d 882, *affd* 68 NY2d 180; *Voss v Multifilm Corp.,* 112 AD2d 216; *Marine Midland Bank v Charmant Travel Lodge,* 111 AD2d 908). Plaintiff's deficiency judgment against Oliver Schools is, therefore, vacated and Oliver Schools' motion for an order deeming its mortgage debt satisfied is granted. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Mortgage Foreclosure.) Present —Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.