■ PARKWAY MORTGAGE, INC., Appellant, v FE AZCUIDIAZ, Respondent. [601 NYS2d 813] —In an action to foreclose a mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 27, 1990, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action, and (2) as limited by its brief, from so much of an order of the same court, dated March 19, 1991, as denied renewal.

Ordered that the order dated July 27, 1990, is reversed, on the law, and the defendant's motion to dismiss the complaint for failure to state a cause of action is denied; and it is further,

Ordered that the appeal from the order dated March 19, 1991, is dismissed as academic, in light of our determination on the appeal from the order dated July 27, 1990; and it is further,

Ordered that the appellant is awarded one bill of costs.

It is well settled that the issue on a motion pursuant to CPLR 3211 (a) (7) is limited to ascertaining whether the pleading states any cause of action, and not whether there is evidentiary support for the complaint (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rovello v Orofino Realty Co., 40 NY2d 633, 634; LoPinto v J.W. Mays, Inc., 170 AD2d 582). The complaint must be liberally construed in the light most favorable to the plaintiff, and all factual allegations must be accepted as true (see, Guggenheimer v Ginzburg, supra; Porter v Allstate Ins. Co., 184 AD2d 685; LoPinto v J.W. Mays, Inc., supra; Marine Midland Bank v Charmant Travel Lodge, 111 AD2d 908). Applying these principles to the case at bar, we find that the factual allegations set forth in the plaintiff's complaint were sufficient to state a cause of action to foreclose its mortgage on the subject premises (see, RPAPL 1301; 78 NY Jur 2d, Mortgages and Deeds of Trust, § 577, at 448). Accordingly, the defendant's motion to dismiss the complaint for failure to state a cause of action is denied. Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.