■ Home Savings Bank, Appellant, v Michael J. Chiola et al., Defendants, and John Knoeppel, Respondent. [611 NYS2d 235] —In an action to foreclose a mortgage on real property, in which a judgment of foreclosure and sale had been entered, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated June 19, 1992, which granted a motion by the defendant John Knoeppel to have the Referee's deed made subject to his second mortgage.

Ordered that the order is affirmed, with costs.

On or about August 14, 1991, the plaintiff bank commenced this foreclosure action on a mortgage given by the defendants Michael and Anna Chiola. John Knoeppel, the holder of a second mortgage on the property, was made a party defendant to the action. Knoeppel did not interpose an answer; however, his attorney served a notice of appearance specifically requesting that service of all subsequent papers and notice of all proceedings be made upon him. The plaintiff failed to serve any subsequent papers on Knoeppel or his attorney.

In response to a second request by Knoeppel for service of all of the papers in this action, the plaintiff forwarded only a copy of the notice of sale which did not disclose any of the terms or conditions of the sale. On April 27, 1992, a foreclosure sale was conducted at which the plaintiff, as the sole bidder, purchased the property. Knoeppel thereafter moved to have the Referee's deed made subject to his second mortgage on the ground that the plaintiff failed to serve papers or

provide notice of any of the proceedings in this action. The Supreme Court properly granted the motion based on the absence of notification to Knoeppel. Even though a defendant defaults in pleading, his appearance entitles him to service of all papers and notice of all proceedings through and subsequent to judgment *(see, Martine v Lowenstein,* 68 NY 456; CPLR 2103). Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.