■ CITIBANK (N.Y.S.), Respondent, v E. GEORGE BADCOCK, III, et al., Appellants, and JONATHON DE SANTIS, Respondent. [615 NYS2d 113] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 16, 1993 in Warren County, which, *inter alia,* denied a motion by defendants E. George Badcock, III and Kathleen M. Badcock to vacate a judgment of foreclosure and sale of real property.

On February 27, 1990, defendants E. George Badcock, III and Kathleen M. Badcock (hereinafter collectively referred to as defendants) executed a $725,000 mortgage in favor of plaintiff covering premises located in the Town of Bolton, Warren County. As the result of their failure to pay the monthly installments of principal and interest, plaintiff commenced this mortgage foreclosure action. Following receipt of defendants' answer, plaintiff moved for summary judgment and an order of reference. Supreme Court granted the motion upon being notified by defendants that they did not oppose it. Thereafter, in March 1993, plaintiff made an ex parte application for judgment of foreclosure and sale, which Supreme Court granted. At the foreclosure sale held in May 1993, the property was sold to defendant Jonathon De Santis for $780,-000.

In June 1993, defendants moved to vacate the judgment of foreclosure and to set aside the sale. De Santis responded by cross-moving for delivery of the property. Supreme Court's denial of defendants' motion and its granting of the cross motion prompted this appeal by defendants.

Having appeared in the action and not having waived the

service of any papers, defendants were entitled to notice of plaintiff's application for judgment of foreclosure and sale *(see,* CPLR 3215 [g])*. Plaintiff's failure to provide such notice is not fatal since its omission did not prejudice defendants, as they were fully aware of the pending foreclosure sale given the fact that they consented to summary judgment and a copy of the proposed judgment of foreclosure was mailed to their attorney, who did not register any objection to its form or content *(see, White v Magee,* 85 AD2d 858; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.34).

Defendants' next argument centers on the judgment of foreclosure, which provided that the "sale shall be subject to all unpaid taxes, assessments and water rates which are at the time of sale a lien on the premises", and the notice of sale, which stated that the "premises are sold subject to any state of facts an accurate survey may show, to covenants, restrictions and easements, if any, to taxes, assessments, water charges, violations, zoning regulations and ordinances of the city, town or village in which said premises lie". Defendants contend that because of the discrepancy in the language contained in these documents, the sale must be set aside. Although the notice of sale should reflect the provisions of the judgment, an error in the notice is not a ground to set aside the sale where no one could have been misled thereby *(see,* 3A Warren's Weed, New York Real Property, Mortgage Foreclosure § 11.02 [4th ed]; 13 Carmody-Wait 2d, NY Prac § 88.6, at 554). In our view, the notice was not misleading since the inclusion of language making the sale subject to facts an accurate survey may show, covenants, restrictions, easements and zoning ordinances merely stated the obvious. Further, inasmuch as the judgment made the sale subject to taxes, assessments and water charges, the deletion of the clause "which at the time of the sale are liens on the premises" from the notice of sale was not so misleading as to make the proposed sale uninviting to prospective purchasers. Moreover, any prejudicial effect this deletion might have had was obviated by the terms of sale, which conformed to the judgment.

Just prior to the foreclosure sale, plaintiff's counsel was contacted by an individual hired by defendants to attempt to work out a reinstatement of the mortgage. The culmination of the parties' negotiations was that defendants offered to pay 100% of the arrearages if plaintiff would adjourn the sale for 10 days so they could obtain financing. Plaintiff declined the offer because defendants had not made a payment on the mortgage in two years, had declared themselves bankrupt and

had fallen significantly behind on another mortgage. Additionally, plaintiff did not want to jeopardize a third-party purchase on defendants' unsubstantiated promise to reinstate the mortgage. In view of these circumstances, Supreme Court did not abuse its discretion in declining to set aside the sale since plaintiff's conduct did not amount to fraud, collusion, mistake or misconduct (see, Long Is. Sav. Bank v Jean Valiquette, M.D., P. C., 183 AD2d 877).

We have considered defendants' other contentions and found them without merit. For these reasons, we affirm.

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.