■ Norstar Bank, Respondent, v LNP Realty Corp. et al., Appellants, et al., Defendants. [627 NYS2d 740] —In an action to foreclose a mortgage, the defendants LNP Realty Corp., ABC Mechanical Systems, Inc., ABC Systems, Inc., Louis Provenzano, and Eileen Provenzano appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Burke, J.), entered November 9, 1993, as awarded the plaintiff a deficiency judgment in the principal sum of $543,500.94.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The appellant LNP Realty Corp. borrowed $550,000 from the plaintiff for commercial property. Payment of the loan was personally guaranteed by the appellants ABC Mechanical Systems, Inc., ABC Systems, Inc., Louis Provenzano, and Eileen Provenzano. At the time of the loan origination, the appellants obtained an appraisal valuing the property at $510,000. After the appellants defaulted, the plaintiff foreclosed the mortgage and purchased the encumbered premises for $184,000 at an adjourned sale. The newspaper incorrectly published the notice of the adjourned sale as taking place 10 days later than the actual sale.

The appellants do not contend that the sale should be set aside but rather that they are entitled to avoid the deficiency judgment insofar as the judgment of foreclosure failed to adjudicate the obligations of the parties. The appellants further contend that the disparity between the appraised value at the time of the loan origination and the sale price, coupled with the irregularity in the notice of the adjourned sale date, requires judicial scrutiny as to the commercial reasonableness of the sale. We do not agree.

The relevant language of the decretal paragraph in the judgment of foreclosure was a clear and unequivocal adjudication of the obligor's liability for a deficiency judgment. In view of the purpose and provisions of RPAPL article 13, the order and judgment finding the appellants liable for a deficiency was appropriate (see, Roseview Farms v Pfister, 198 AD2d 339).

In addition, the record does not contain any proof in contravention of the plaintiff's appraisal as to the fair market value of the property at the time of the sale so as to warrant inquiry into the commercial reasonableness of the sale. Therefore, the appellants have failed to sustain their burden of

showing that they were prejudiced by the irregularity in the notice of sale (see, *Manufacturers & Traders Trust Co. v Niagara Sq. Assocs.*, 199 AD2d 975; *Hanover Funding Co. v Keri Assocs.*, 180 AD2d 945).

We have reviewed the appellants' remaining contentions and find them to be without merit. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.