■ CHEMICAL BANK, Plaintiff, v JAMES H. GARDNER, Appellant. MARGARET DIXON et al., Respondents. [649 NYS2d 243] —Mercure, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered February 6, 1995 in Dutchess County, which, *inter alia*, denied defendant's motion to set aside a foreclosure sale.

In December 1992, plaintiff commenced an action to foreclose a mortgage on property owned by defendant in the Town of Poughkeepsie, Dutchess County. Upon defendant's default in answering or appearing, the action proceeded in March 1993 to an order of reference to compute and in June 1993 to a judgment of foreclosure and sale. Following publication and posting of the notice of sale, a public sale took place in June 1994 and the property was sold to Margaret Dixon and J. Dennis

---

Coughlin (hereinafter collectively referred to as the purchasers) for $49,141.75. The purchasers received a deed to the property in July 1994 and upon defendant's failure to vacate, served him with a notice to quit and then moved pursuant to RPAPL 221 for an order removing defendant and his belongings from the premises and placing them in possession.

On August 4, 1994, defendant moved for an order setting aside the foreclosure sale and the Referee's deed on the grounds, as relevant to this appeal, that the notice of sale did not describe the premises in the manner directed by the judgment of foreclosure and sale and that the notice of sale as published was inadequate to give proper notice to prospective purchasers as required by RPAPL 231. In addition, defendant sought to strike the notice of pendency, summons and complaint, judgment of foreclosure and sale and "all the other papers filed herein" upon allegations that the judgment of foreclosure and sale failed to describe the mortgaged premises and that the remaining papers omitted a driveway easement from the description of the property. Supreme Court denied defendant's motion and granted the purchasers' application. Defendant appeals.

We perceive no merit to defendant's application and accordingly affirm Supreme Court's order in all respects. First, we are not persuaded by defendant's speculation that the notice of sale may have attracted more purchasers if it had specified that the property was situated in the Town of Poughkeepsie and not the City of Poughkeepsie. The notice of sale described the property in precisely the same fashion as the mortgage and the foreclosure complaint, i.e., by street address ("66 Rochdale Road, Poughkeepsie, N. Y.") and specific reference to a filed survey map. It is undisputed that an examination of the map on file in the Dutchess County Clerk's Office would have disclosed that the property was located in the Town of Poughkeepsie. Similarly, to the extent that defendant may be aggrieved, we perceive no error in the inclusion in the Referee's deed of a driveway easement that was specifically identified in the filed map of the property. Finally, even if defendant is correct in his assertion that plaintiff neglected to annex to the original judgment of foreclosure and sale the schedule describing the property to be sold, such error constituted at most a nonprejudicial irregularity (see, Marine Midland Bank v Landsdowne Mgt. Assocs., 193 AD2d 1091, 1092, lv denied 82 NY2d 656; Bolla v Blaugrund, 14 AD2d 417, 419; see also, Key Bank v Van Dev. Corp., 210 AD2d 655).

Defendant's remaining contentions have been considered and also found unavailing.

Crew III, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.