■ PROVIDENT SAVINGS BANK, F.A., Respondent, v FRANTZ BORDES et al., Appellants. [664 NYS2d 103] —In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated January 13, 1997, which denied their motion to vacate and set aside the foreclosure sale.

Ordered that the order is affirmed, with costs.

It is well settled that a court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale (*see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602; *Harbert Offset Corp. v Bowery Sav. Bank,* 174 AD2d 650). We find that no such acts occurred here justifying interference with this sale. It is equally well established that in the absence of that type of conduct, the mere inadequacy of the price alone is an insufficient reason to vacate an otherwise fair judicial sale, unless the price is so inadequate as to shock the conscience of the court (*see, Harbert Offset Corp. v Bowery Sav. Bank, supra,* at 650; *Glenville & 110 Corp. v Tortora,* 137 AD2d 654). The sale price here which was equivalent to the mortgage balance plus sale expenses (*see generally, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407-408), was over 50% of the defendants' appraised value of the property, and was not so unconscionably low so as to warrant vacatur of the sale. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.