■ MARINE MIDLAND BANK, Respondent, v EDWARD D. TRENNES, Appellant, et al., Defendants. [671 NYS2d 693] —In an action to foreclose a mortgage, the defendant Edward D. Trennes appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 8, 1997, which denied the motion of the defendants Edward D. Trennes and Elena N. DiCostanzo to vacate the judgment of foreclosure and sale.

Ordered that insofar as the appeal purports to argue points on behalf of the defendant Elena N. DiCostanzo, it is dismissed, as no appeal from the order was taken by that defendant; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly denied the motion to vacate the judgment of foreclosure and sale as it failed to establish that "a substantial right of a party was prejudiced by the defect" in the notice of sale (RPAPL 231 [6]; *see also, Chemical Bank v Gardner,* 233 AD2d 606; *Marine Midland Bank v Landsdowne Mgt. Assocs.,* 193 AD2d 1091; *Hanover Funding Co. v Keri Assocs.,* 180 AD2d 945).

The appellant's remaining contention is without merit. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.