■ ROBERT STEIN, Respondent, v CULA CAPITAL CORPORA-TION et al., Defendants, and GEORGE PRODROMAKIS, Appellant. [688 NYS2d 636] —In an action to foreclose a mortgage on real property, George Prodromakis, the purchaser at a foreclosure sale, appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated August 5, 1998, which granted the plaintiff mortgagee's motion to vacate the sale and directed a re-sale of the property. By decision and order on motion, dated September 29, 1998, this Court stayed a second foreclosure sale pending the hearing and determination of this appeal.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the Referee is directed to deliver a deed to the appellant herein.

In 1985, the defendant Cula Capital Corporation (hereinafter Cula) mortgaged a 3.1-acre parcel of land to the plaintiff, Robert Stein, for $255,000. In 1996, Cula redeemed a half acre of that parcel for $150,000. Thereafter, Cula defaulted, and a judgment of foreclosure and sale on the remaining 2.6 acres was entered in 1998. It is not disputed that all of the pertinent documents reflect the removal of the half-acre parcel from the mortgaged property. However, by some oversight, the Referee's advertisement for the foreclosure sale *included* the half-acre parcel. Notwithstanding this error, the notice of sale also contained a provision that the sale was "subject to the terms and conditions of [the] filed judgment and terms of sale". The sale was held on May 13, 1998, and the appellant, George Prodromakis, purchased the property for $185,000. Stein thereafter moved to vacate the sale on the basis of the inadvertent mistake in the notice of sale, and the Supreme Court granted the motion. We now reverse.

Where an irregular notice of sale incorporates by reference an accurate judgment or other information of record, the sale should be set aside only if someone could have been misled by

the error, or if the defective notice was "so misleading as to make the proposed sale uninviting to prospective purchasers" (*Citibank [N. Y.S.] v Badcock,* 206 AD2d 784, 785). Generally, "[a]lthough the notice of sale should reflect the provisions of the judgment, an error in the notice is not a ground to set aside the sale where no one could have been misled thereby" (*Citibank [N. Y.S.] v Badcock, supra,* at 785; *see, e.g., Kingsland v Fuller,* 157 NY 507; *Chemical Bank v Gardner,* 233 AD2d 606, 607; 3A Warren's Weed, New York Real Property, Mortgage Foreclosure, § 11.02 [4th ed]; 13 Carmody-Wait 2d, NY Prac § 88.6, at 554). Here, where "no one could have been misled" (*Citibank [N.Y.S.] v Badcock, supra,* at 785), the sale should not be vacated (*see, Colonial Trust Co. v 342 Madison Ave. Corp.,* 281 NY 800; *Woodhull v Little,* 102 NY 165; *Long Acre Props. v Grove Park Estates,* 279 App Div 1036). There is no support in the record for the plaintiff's unfounded speculation that the inadvertent inclusion of the half-acre parcel in the notice of sale may have misled potential purchasers, thereby inhibiting them from bidding.

Moreover, no cloud will remain on the appellant's title once a deed containing a correct description of the property, as contained in the judgment of foreclosure and sale, is delivered to him by the Referee (*cf., Schnall v Sayville Manor & Beach Club,* 12 Misc 2d 274). O'Brien, J. P., Altman, Friedmann and McGinity, JJ., concur.