■ Amresco New England II, L.P., Appellant, v Vincent Denino, Respondent, et al., Defendants. [725 NYS2d 78] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 30, 2000, as, upon a decision of the same court dated September 20, 1999, granted the motion of the defendant Vincent Denino to reargue the plaintiff's prior motion to confirm the referee's report and sale of the subject property and, upon reargument, in effect, denied the plaintiff's motion and vacated the foreclosure sale.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from the decision is deemed a premature notice of appeal from the order (*see,* CPLR 5520 [c]); and it is further,

Ordered that order is modified, on the law, by deleting the provision thereof which, upon reargument, in effect, denied the plaintiff's motion to confirm the referee's report and sale, and substituting therefor a provision adhering to the prior determination confirming the referee's report and sale; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court erred in vacating the foreclosure sale. The failure to give proper notice of a sale, as required by RPAPL 231, is a mere irregularity and is not a jurisdictional defect (*see, Marine Midland Bank v Landsdowne Mgt. Assocs.,* 193 AD2d 1091; *see also, Norstar Bank v LNP Realty Corp.,* 216 AD2d 279). Absent a showing that a substantial right of a party was prejudiced, the failure to give proper notice will not require that a sale be vacated (*see,* RPAPL 231 [6]; *Key Bank v Van Dev. Corp.,* 210 AD2d 655; *Marine Midland Bank v Landsdowne Mgt. Assocs., supra*).

The property was sold for $500,001, and the respondent's appraiser valued the property at $640,000. The respondent had notice of the sale and attended it. Additionally, the respondent

provided no evidence to support his contention that any prospective bidders were prevented from attending the sale due to a lack of proper notice. Under these circumstances, the respondent failed to demonstrate that a "substantial right of a party was prejudiced" (RPAPL 231 [6]; *see, Norstar Bank v LNP Realty Corp., supra; Marine Midland Bank v Landsdowne Mgt. Assocs., supra; cf., Wayman v Zmyewski,* 218 AD2d 843, 844). Accordingly, the Supreme Court should have adhered to its prior determination confirming the referee's report and sale. Altman, J. P., Friedmann, Luciano and H. Miller, JJ., concur.