■ 36 NORTH WATER, INC., Respondent, v MARK CALIPER, INC., Appellant, et al., Defendant. [744 NYS2d 454] —In an action to foreclose a mortgage, the defendant Mark Caliper, Inc., appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered August 14, 2001, which denied its motion to set aside the judgment of foreclosure and sale.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action on March 31, 1999, to foreclose a mortgage executed by the defendant Mark Caliper, Inc. (hereinafter the defendant), covering premises located in Ossining, New York. Following receipt of the defendant's answer, the plaintiff moved for summary judgment and an order of reference. The Supreme Court granted the motion and in the order of reference converted the answer to a notice of appearance and waiver of notice. On November 17, 1999, the Supreme Court granted the plaintiff's ex parte application to confirm the Referee's report and for a judgment of foreclosure and sale. On January 20, 2000, and again on February 28, 2001, the defendant moved for a stay of the scheduled foreclosure sale, but the motions were denied by the Supreme Court. The property was sold at a foreclosure sale which was conducted on June 14, 2001. The defendant then made the instant motion to vacate the judgment of foreclosure and sale and to set aside the sale on the ground that the plaintiff's failure to provide it with notice of its application for the judgment of foreclosure and sale invalidated all subsequent proceedings. The Supreme Court denied the motion, finding that the defendant had sufficient notice of all proceedings and that proper procedures were employed throughout. We affirm.

A defendant's appearance in an action entitles him to service of all papers and notice of all proceedings through and subsequent to judgment (*see Home Sav. Bank v Chiola,* 203 AD2d 525). However, the plaintiff's failure to provide notice of its application for judgment is not necessarily fatal unless its omission prejudiced the defendant (*see Citibank v Badcock,* 206 AD2d 784, 785). Here, the defendant was fully aware of all proceedings and the pending sale, as its attorneys were served

with the report of the Referee, the judgment of foreclosure and sale, and the notice of sale (*see Citibank v Badcock, supra; cf. Pol-Tek Indus. v Panzarella,* 227 AD2d 992). Nor can there be a claim of prejudice by the defendant in light of its multiple challenges to the judgment and its attendance at the final foreclosure sale. Under these circumstances the Supreme Court properly refused to set aside the sale or the judgment of foreclosure.

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.