■ KEY CORPORATE CAPITAL, INC., Respondent, v HERBERT LINDO, Appellant, et al., Defendants. CENTURY 22 REALTY 1 CORP., Nonparty Respondent. [757 NYS2d 476] —In an action to foreclose a tax lien, the defendant Herbert Lindo appeals from (1) a judgment of foreclosure and sale of the Supreme Court, Nassau County (Roberto, J.), entered October 18, 2000, and (2) an order of the same court (Carter, J.), entered January 23, 2002, which granted the motion of the nonparty Century 22 Realty 1 Corp. to deliver possession of the subject real property to it.

Ordered that the judgment and the order are affirmed, with one bill of costs to the nonparty respondent.

The failure to give proper notice of a sale, as required by RPAPL 231, is a mere irregularity and not a jurisdictional defect (*see Marine Midland Bank v Landsdowne Mgt. Assoc.,* 193 AD2d 1091 [1993]; *Norstar Bank v LNP Realty Corp.,* 216 AD2d 279 [1995]; *Amresco New England II v Denino,* 283 AD2d 599 [2001]). Further, the failure to give proper notice will result in vacatur of the sale only upon a showing that a substantial right of a party was prejudiced (*see Amresco New England II v Denino, supra*).

The plaintiff complied with the Supreme Court's directive that the original notice of foreclosure and sale be published in the Mineola American. Although the plaintiff published the notice of adjourned sale in Newsday, the appellant failed to demonstrate that he was prejudiced by this irregularity. Rather, the appellant was notified of and then attended the sale. Accordingly, the Supreme Court properly refused to vacate the judgment of foreclosure and sale, and properly granted the motion to deliver possession of the premises.

The appellant's remaining contention is without merit. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.