■ 730 J & J, LLC, Appellant, v Twin City Fire Insurance Company, Respondent. [802 NYS2d 385]—In an action, inter alia, to reform an insurance policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated July 31, 2003, as denied that branch of its motion which was for leave to renew the defendant's motion for summary judgment dismissing the complaint, which was granted by prior order of the same court dated December 18, 2002.

Ordered that the appeal is dismissed, without costs or disbursements.

In light of our determination of a related appeal (*see 730 J & J, LLC v Fillmore Agency, Inc.,* 22 AD3d 741 [2005] [decided herewith]), the instant appeal has been rendered academic, because even if the insurance policy was reformed so as to include a standard mortgagee clause, this would not directly affect the parties' rights (*see Matter of Henry v Noto,* 50 NY2d 816 [1980]; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707 [1980]). Accordingly, we dismiss the appeal. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.

■ 730 J & J, LLC, Appellant, v Gabriel Williams, Respondent, et al., Defendants. Fillmore Agency Inc., et al., Intervenors. [802 NYS2d 384]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 22, 2004, which denied its motion for leave to enter a deficiency judgment against the defendant Gabriel Williams.

Ordered that the order is affirmed, with costs.

Under the circumstances, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a deficiency judgment against the defendant Gabriel Williams (*see* RPAPL 1371 [2], [3]; *Arbor Natl. Commercial Mtge. v Carmans Plaza,* 305 AD2d 622 [2003]; *Marine Midland Bank, N. A. v Charmant Travel Lodge,* 111 AD2d 908 [1985]; *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591 [1978], *affd* 47 NY2d 796 [1979]; *Band Realty Co. v North Brewster, Inc.,* 59 AD2d 770 [1977]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.