■ NYCTL 1998-2 Trust et al., Respondents, v Zoila Lucinda Avila, Appellant, et al., Defendants. RSL Holdings, LLC, Nonparty Respondent. [815 NYS2d 725]—

In an action to foreclose tax liens, the defendant Zoila Lucinda Avila appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 10, 2005, which, inter alia, denied those branches of her motion which were (1) to restore a temporary restraining order contained in an order of the same court dated November 26, 2002, prohibiting the foreclosure and sale of certain real property pending the hearing of her motion for a preliminary injunction prohibiting the foreclosure and sale pendente lite, (2) to restore to the motion calendar her motion for a preliminary injunction prohibiting the foreclosure and sale, (3) pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered July 15, 2002, upon her default in appearing or answering, and (4) to nullify a referee's deed to the real property dated March 1, 2004, issued to nonparty, RSL Holdings, LLC.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in denying that branch of the motion of the defendant Zoila Lucinda Avila (hereinafter the appellant) which was, in effect, to vacate her default in answering the complaint, and to set aside the foreclosure sale that followed therefrom. Since the appellant had neither a justifiable excuse for her default nor a meritorious defense to the action, her motion to vacate the default was properly denied (*see Bank of New York v Lagakos*, 27 AD3d 678 [2006]).

Notice of the adjourned foreclosure sale date was properly published (*see* RPAPL 231 [3]; *Frank Buttermark Plumbing & Heating Corp. v Sagarese*, 119 AD2d 540 [1986]; *Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp.*, 72 AD2d 737 [1979]), and any alleged deficiency in notice to the appellant's attorney is immaterial in any event since the appellant appeared at the sale (*see Arch Assets v AL & LP Realty Co.*, 227 AD2d 295 [1996]) and has failed to demonstrate any prejudice to a substantial right as a result of the alleged deficiency in notice (*see Amresco New England II v Denino*, 283 AD2d 599, 599-600 [2001]; *Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C.*, 183 AD2d 877 [1992]).

The appellant's remaining contentions are without merit. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.