■ NYCTL 1999-1 TRUST et al., Respondents, v NY PRIDE HOLDINGS, INC., et al., Defendants, and UNION STREET MANAGEMENT GROUP, LTD., Appellant. BARODA PROPERTIES, INC., et al., Proposed Intervenors-Respondents. [825 NYS2d 521]—

In an action to foreclose a tax lien, the defendant Union Street Management Group, Ltd., appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated March 31, 2005, which denied its motion to vacate the foreclosure sale.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly denied the appellant's motion to vacate the foreclosure sale. The appellant failed to establish that "a substantial right of a party was prejudiced" by the mere irregularities in the notice of sale (see RPAPL 231 [6]; *Key Corporate Capital v Lindo,* 304 AD2d 620 [2003]; *Amresco New England II v Denino,* 283 AD2d 599 [2001]; *Marine Midland Bank v Trennes,* 250 AD2d 653 [1998]; *Chemical Bank v Gardner,* 233 AD2d 606, 607 [1996]; *Marine Midland Bank v Landsdowne Mgt. Assoc.,* 193 AD2d 1091, 1092 [1993]).

Moreover, the appellant's contention that the foreclosure sale was not commercially reasonable is without merit. The sale price of the property was not so low as to shock the conscience of the court and was at least 50% of the appellant's alleged appraised value of the property (see *Guardian Loan Co. v Early,* 47 NY2d 515, 521 [1979]; *Provident Sav. Bank v Bordes,* 244 AD2d 470 [1997]; *Frank Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540 [1986]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 407 [1983]). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.