■ Mortgage Electronic Registration Systems, Inc., Respondent, v Anthony J. Schotter, Appellant, et al., Defendants. Esphir Popilevsky et al., Nonparty Respondents. [857 NYS2d 592]—

In an action to foreclose a mortgage, the defendant mortgagor, Anthony J. Schotter, appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated December 18, 2006, which denied his motion, inter alia, to vacate a judgment of foreclosure and sale of the same court (Mega, J.), dated May 24, 2006, entered upon his default in answering the complaint, and to set aside the foreclosure sale.

Ordered that the order is affirmed, with costs.

The motion of the defendant Anthony J. Schotter (hereinafter the defendant) to vacate the judgment of foreclosure and sale was properly denied. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Wells Fargo Bank, N.A. v McGloster,* 48 AD3d 457 [2008]; *Simonds v Grobman,* 277 AD2d 369 [2000]), and the defendant's conclusory allegations were insufficient to rebut the presumption of proper service (*see Francis v Francis,* 48 AD3d 512 [2008]; *Silverman v Deutsch,* 283 AD2d 478, 479 [2001]; *Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375 [1998]).

The Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment pursuant to CPLR 5015 (a) (3). Contrary to the defendant's contentions, there is no evidence that the mortgage servicer, the plaintiff, or the plaintiff's counsel represented to the defendant that he need not defend the foreclosure action, or in any manner agreed to stay the proceedings while he attempted to resolve his financial difficulties. As such, the defendant failed to show that

the judgment was obtained by means of extrinsic fraud (*see Matter of Fickling v Fickling*, 210 AD2d 223, 223-224 [1994]; *cf. Tonawanda School Empls. Fed. Credit Union v Zack*, 242 AD2d 894, 894-895 [1997]; *Shaw v Shaw*, 97 AD2d 403 [1983]).

The Supreme Court properly declined to set aside the foreclosure sale conducted on September 27, 2006. CPLR 2003 authorizes the court to set aside a judicial sale "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (CPLR 2003; *see Guardian Loan Co. v Early*, 47 NY2d 515, 520 [1979]). In addition to the authority granted by statute, a court, "in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (*Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476, 477 [2005]; *see Bankers Fed. Sav. & Loan Assn. v House*, 182 AD2d 602, 603 [1992]).

Publication of the notice of foreclosure sale in the New York Law Journal, rather than in a local Richmond County newspaper, was "a mere irregularity," not "a jurisdictional defect" (*Key Corporate Capital v Lindo*, 304 AD2d 620 [2003]; *see DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d 317, 321-322 [2004]; *Amresco New England II v Denino*, 283 AD2d 599, 599-600 [2001]; *OCI Mtge. Corp. v Bubeck*, 250 AD2d 581 [1998]; *Marine Midland Bank v Landsdowne Mgt. Assoc.*, 193 AD2d 1091, 1092 [1993]; *CME Group v Cellini*, 173 Misc 2d 404, 407-408 [1997]). Consequently, "[a]bsent a showing that a substantial right of a party was prejudiced," this defect does not require that the sale be vacated (*Amresco New England II v Denino*, 283 AD2d at 599; *see DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d at 321-322; *OCI Mtge. Corp. v Bubeck*, 250 AD2d at 581; *CME Group Ltd. v Cellini*, 173 Misc 2d at 407-408; *cf. Key Corporate Capital v Lindo*, 304 AD2d at 620). The defendant failed to make such a showing. There was evidence that a number of independent individuals were present at the auction and actively bid on the property. In the face of this undisputed evidence, the defendant "provided no evidence to support his contention that any prospective bidders were prevented from attending the sale due to lack of proper notice" (*Amresco New England II v Denino*, 283 AD2d at 600).

Although the notice of sale omitted reference to one of the two lots being sold, it incorporated the judgment by reference, to which a correct description of the property was appended (*see Stein v Cula Capital Corp.*, 260 AD2d 569, 569-570 [1999]). Moreover, both lots were listed in the notice of pendency and

the property was correctly identified by the street address included in the notice of sale. Accordingly, potential purchasers could not have been misled by the error (*see Stein v Cula Capital Corp.*, 260 AD2d at 569-570; *Chemical Bank v Gardner*, 233 AD2d 606, 607 [1996]; *Hanover Funding Co. v Keri Assoc.*, 180 AD2d 945, 946 [1992]).

Even assuming, as assessed by the defendant's mortgage broker, that the total value of both lots was $450,000, where there was no evidence of "fraud, collusion, mistake, or misconduct," the sale price realized at the auction was not "so inadequate as to shock the court's conscience," and thus, did not warrant setting aside the sale (*Bankers Fed. Sav. & Loan Assn. v House*, 182 AD2d 602, 603 [1992]; *see NYCTL 1999-1 Trust v NY Pride Holdings, Inc.*, 34 AD3d 774 [2006]; *Provident Sav. Bank v Bordes*, 244 AD2d 470 [1997]; *Harbert Offset Corp. v Bowery Sav. Bank*, 174 AD2d 650, 651 [1991]; *Federal Deposit Ins. Corp. v Forte*, 144 AD2d 627, 631-632 [1988]; *Frank Buttermark Plumbing & Heating Corp. v Sagarese*, 119 AD2d 540 [1986]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 407-408 [1983]).

The defendant's remaining contentions are without merit. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.