■ BROWN BARK I, L.P., as Successor in Interest to BANK OF AMERICA, N.A., Successor in Interest to FLEET NATIONAL BANK, Respondent, v ELIZABETH S. GRANT, Individually and Doing Business as PATERSON STABLES, Appellant. GUY KAPLIN et al., Respondents. [897 NYS2d 815]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered April 22, 2009. The order, among other things, denied defendant's motion seeking, inter alia, to vacate the Sheriff's sale of certain property owned by defendant in the Town of Penfield following entry of a default judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages based on defendant's failure to repay the amount owed on a business line of credit extended by one of plaintiff's predecessors in interest. Following the entry of a default judgment, property owned by defendant in the Town of Penfield was sold at a Sheriff's sale pursuant to an execution against the property. Defendant contends that Supreme Court erred in denying her motion seeking, inter alia, to vacate the Sheriff's sale. We note at the outset that the record contains a stipulation pursuant to which plaintiff is entitled to retain the net proceeds from the sale of the property, that defendant shall refund that amount to the buyer, and that plaintiff thus takes no position with respect to defendant's order to show cause.

We reject the contention of defendant that the court erred in denying that part of her motion seeking to set aside the sale on the ground that the Sheriff failed to provide proper notice of the sale. Although it is undisputed that the Sheriff failed to post notice of the sale in the Town of Penfield in accordance with RPAPL 231 (2) (b), the failure to provide proper notice "is a mere irregularity, not a jurisdictional defect," and thus the sale

should not be vacated absent a showing that a substantial right of a party was prejudiced (*Marine Midland Bank v Landsdowne Mgt. Assoc.*, 193 AD2d 1091, 1092 [1993], *lv denied* 82 NY2d 656 [1993]; *see* CPLR 2003; *Matrix Fin. Servs. Corp. v McKiernan*, 13 AD3d 344 [2004], *lv dismissed* 4 NY3d 846, 5 NY3d 880 [2005]). Here, notice of the sale was published four times in the Daily Record, which is circulated throughout Monroe County, including the Town of Penfield, and a copy of that publication is available at the Penfield Town Library. In addition, defendant had ample notice of the sale and, indeed, she had marketed the property by contacting realtors and had personally solicited bids. Although defendant submitted affidavits from individuals stating that they would have bid on the property had they known of the sale, none of those individuals asserted that he or she personally checked the Penfield Town Hall for notice of property sales during the time period in question. Thus, it cannot be said that any of those individuals would have been aware of the sale even if notice had been posted in accordance with RPAPL 231 (2) (b). Under the circumstances of this case, we conclude that defendant failed to demonstrate the requisite prejudice to warrant vacatur of the sale (*see Chase Manhattan Bank v Harris*, 2 AD3d 999, 1000 [2003], *lv dismissed in part and denied in part* 2 NY3d 778 [2004]; *Key Corporate Capital v Lindo*, 304 AD2d 620 [2003]).

Defendant further contends that the court erred in denying that part of her motion seeking to vacate the Sheriff's sale pursuant to CPLR 5240 on the ground that the purchase price of the property was inadequate. Although the property may have been worth far more than the $70,000 paid at auction by the winning bidder (the assessed full market value was $147,368), we note that properties sold pursuant to judicial sales are often sold for substantially below market value (*see generally Guardian Loan Co. v Early*, 47 NY2d 515, 518 [1979]). In any event, absent fraud, collusion, mistake or misconduct, none of which has been demonstrated by defendant, "the mere inadequacy of price is an insufficient reason to [vacate] a sale unless the price is so inadequate as to shock the court's conscience," which is not the case here (*Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d 547, 548 [1998]; *see Astoria Fed. Sav. & Loan Assoc. v Hartridge*, 58 AD3d 584 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 985 [2008]). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.