■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v DEAAN JAGROOP et al., Defendants, and GIBRAN TASLEEM, Appellant. [960 NYS2d 329]—In an action to foreclose a mortgage, the defendant Gibran Tasleem appeals from a judgment of foreclosure and sale of the Supreme Court, Queen County (Hart, J.), entered July 23, 2010, upon his default in appearing and answering the complaint.

In an action to foreclose a mortgage, the defendant Gibran

Tasleem appeals from an order of the Supreme Court, Queen County (Hart, J.), entered February 8, 2011, which denied, without a hearing, his motion, inter alia, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered July 23, 2010, upon his default in appearing or answering the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of proper service.

Ordered that the order is affirmed, with costs.

The motion of the defendant Gibran Tasleem (hereinafter the appellant), inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of proper service, was properly denied without a hearing. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]). In opposition, the appellant's affidavit was insufficient to rebut the presumption of proper service created by the process server's affidavit (*see Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885, 886 [2010]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]).

The appellant's remaining contentions are without merit.

Thus, the Supreme Court properly denied the appellant's motion (*see Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340, 341 [2004]). Mastro, J.P., Austin, Roman and Cohen, JJ., concur.