■ SOUTH POINT, INC., Respondent, v ALLAH R. RANA, Appellant, et al., Defendants. YAAKOV LEVINE et al., Nonparty Respondents. [30 NYS3d 565]—

In an action to foreclose a mortgage, the defendant Allah R. Rana appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated September 9, 2015, which granted the plaintiff's motion to amend a judgment of foreclosure and sale of the same court entered September 18, 2014, nunc pro tunc by directing that the notice of the judicial sale be published in Newsday and to validate the sale of the property that took place on December 5, 2014.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff and the nonparty respondents appearing separately and filing separate briefs.

The notice of sale in this action to foreclose a mortgage was

published in Newsday rather than in the Daily News as directed in the judgment of foreclosure and sale. This procedural defect did not afford a basis upon which to set aside the sale in the absence of any indication that a substantial right of the defendant Allah R. Rana (hereinafter the defendant) was prejudiced (see RPAPL 231 [6]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 984 [2008]; *DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d 317, 321-322 [2004]; *Key Corporate Capital v Lindo*, 304 AD2d 620, 620 [2003]; *Amresco New England II v Denino*, 283 AD2d 599, 599-600 [2001]; *Marine Midland Bank v Landsdowne Mgt. Assoc.*, 193 AD2d 1091, 1092 [1993]; *Associates Fin. Servs. v Davis*, 133 AD2d 601, 601-602 [1987]). There was no showing that the defect in notice prejudiced a substantial right of the defendant. Accordingly, the plaintiff's motion to amend the judgment of foreclosure and sale nunc pro tunc by directing that the notice of the judicial sale be published in Newsday and to validate the sale of the property was properly granted (see *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d at 984). Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.