T11 Funding v Traynelis (2018 NY Slip Op 08054)





T11 Funding v Traynelis


2018 NY Slip Op 08054


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-08260
 (Index No. 52094/16)

[*1]T11 Funding, respondent, 
v
Nancy M. Traynelis, appellant, et al., defendants.


Barry Nesson Law, P.C., Scarsdale, NY, for appellant.
Glenn Finley, Bronx, NY, for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant Nancy M. Traynelis appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated June 23, 2017. The order denied that branch of that defendant's motion which was to vacate the foreclosure sale of the subject premises.
ORDERED that the order is affirmed, with costs.
The defendant Nancy M. Traynelis was the owner of a home located in Yonkers (hereinafter the premises). The premises was unencumbered, except for a tax lien held by the plaintiff. In February 2016, the plaintiff commenced this action to foreclose the tax lien against Traynelis, among others. The Supreme Court issued a judgment of foreclosure and sale dated December 8, 2016, which directed that the premises be sold at a public auction. On February 17, 2017, a referee conducted a foreclosure sale, and the plaintiff purchased the premises for $125,000. In April 2017, Traynelis moved, inter alia, to vacate the foreclosure sale. In an order dated June 23, 2017, the court denied Traynelis's motion. Traynelis appeals.
CPLR 2003 authorizes the court to set aside a judicial sale "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (CPLR 2003; see Guardian Loan Co. v Early, 47 NY2d 515, 520). Here, Traynelis failed to establish that any alleged defects in the notice of sale, the terms of sale, and the publication of the notice of sale prejudiced a substantial right of a party (see South Point, Inc. v Rana, 139 AD3d 936, 937; Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983, 984; NYCTL 1999-1 Trust v NY Pride Holdings, Inc., 34 AD3d 774; Key Corporate Capital v Lindo, 304 AD2d 620).
A court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896; U.S. Bank N.A. v. Testa, 140 AD3d 855, 856). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d at 896; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632). Here, Traynelis failed to establish fraud, collusion, mistake, or misconduct [*2]in connection with the foreclosure sale that warranted setting the sale aside (see Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d at 984).
Accordingly, we agree with the Supreme Court's denial of that branch of Traynelis's motion which was to vacate the foreclosure sale.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court