NYCTL 2016-A Trust v Eckford-Greenpoint, LLC (2023 NY Slip Op 00217)

NYCTL 2016-A Trust v Eckford-Greenpoint, LLC

2023 NY Slip Op 00217

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-10028 
2020-03309
 (Index No. 504384/17)

[*1]NYCTL 2016-A Trust, et al., plaintiffs-respondents,
v
Eckford-Greenpoint, LLC, appellant, et al., defendants; 55 Eckford 1875 DNB, LLC, et al., intervenor-respondents.

Alice A. Nicholson (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Bronster, LLP, New York, NY (Adam P. Briskin of counsel), for plaintiffs-respondents.

DECISION & ORDER
In an action to foreclose a tax lien, the defendant Eckford-Greenpoint, LLC, appeals from (1) an order of Supreme Court, Kings County (Noach Dear, J.), dated July 10, 2019, and (2) an order of the same court dated February 3, 2020. The order dated July 10, 2019, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(1) to vacate a judgment of foreclosure and sale of the same court dated March 20, 2018, to stay the closing of the foreclosure sale of the subject property, and for leave to file a late answer. The order dated February 3, 2020, insofar as appealed from, denied those branches of that defendant's separate motions which were to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the subject property.
ORDERED that the orders dated July 10, 2019, and February 3, 2020, are affirmed insofar as appealed from, with one bill of costs.
The plaintiffs commenced this action to foreclose a tax lien encumbering a parcel of real property located in Brooklyn. The defendant Eckford-Greenpoint, LLC (hereinafter the defendant), did not appear in the action, and the plaintiffs moved for a judgment of foreclosure and sale. The Supreme Court granted the plaintiffs' motion and, upon the defendant's default, issued a judgment of foreclosure and sale dated March 20, 2018.
The defendant then moved pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale, to stay the closing of the foreclosure sale of the subject property, and for leave to file a late answer, on the ground of excusable default. In an order dated July 10, 2019, the Supreme Court, inter alia, denied the defendant's motion.
Thereafter, the defendant moved to set aside the foreclosure sale of the subject property, and to vacate the judgment of foreclosure and sale on the ground that the judgment of foreclosure and sale was jurisdictionally defective, or, in the alternative, in the interest of justice. In a separate motion, the defendant moved, inter alia, for the same relief. In an order dated February [*2]3, 2020, the Supreme Court, among other things, denied those branches of the defendant's separate motions. The defendant appeals from the orders dated July 10, 2019, and February 3, 2020.
The defendant's contention that the judgment of foreclosure and sale is jurisdictionally defective because it directed the notice of the foreclosure sale to be published in a weekly newspaper and not a daily newspaper, as required by RPAPL 231, is without merit. "The failure to give proper notice of a sale, as required by RPAPL 231, is a mere irregularity and not a jurisdictional defect" (Key Corporate Capital v Lindo, 304 AD2d 620, 620; see Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983, 984; Amresco New England II v Denino, 283 AD2d 599, 600; Marine Midland Bank v Landsdowne Mgt. Assoc., 193 AD2d 1091). Consequently, "[a]bsent a showing that a substantial right of a party was prejudiced, the failure to give proper notice will not require that a sale be vacated" (Amaresco New England II v Denino, 283 AD2d at 599; see RPAPL 231[6]; NYCTL 1999-1 Trust v NY Pride Holdings, Inc., 34 AD3d 774; NYCTL 1998-2 Trust v Avila, 29 AD3d 965, 966). Here, the defendant failed to establish that it was prejudiced by the alleged defect in the notice of the foreclosure sale (see Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1282; Chase Manhattan Bank v Nath, 162 AD3d 978, 980).
Moreover, those branches of the defendant's motions which were to set aside the foreclosure sale of the subject property based on the defect in the notice of the sale were untimely. Pursuant to RPAPL 231(6), a motion to set aside a sale for failure to comply with the notice provisions of this statute must occur within one year of the sale. Here, the sale occurred on May 31, 2018, and the defendant did not move to set aside the foreclosure sale on this ground until August 20, 2019, and August 23, 2019. Accordingly, the Supreme Court properly denied those branches of the defendant's motions which were to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the subject property on this ground.
Contrary to the defendant's contention, the Supreme Court properly denied those branches of its motions which were to vacate the judgment of foreclosure and sale in the interest in justice. "Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment or order may be vacated, and a court may vacate its own judgment or order for sufficient reason and in the interests of substantial justice" (JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692 [alterations and internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 875). "Although the Supreme Court retains the inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; PennyMac Corp. v Sellitti, 193 AD3d 959; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). Here, the defendant failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacating the judgment of foreclosure and sale (see U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725, 727; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632).
The defendant's remaining contention is not properly before this Court.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court